IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:18CR00461 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES D. THOMAS, | ) | <u>TRIAL BRIEF</u> |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, through its counsel, Justin E. Herdman, United States Attorney, and Christopher J. Joyce and Michelle M. Baeppler, Assistant U.S. Attorneys, hereby submits its Trial Brief regarding the upcoming jury trial on the Superseding Indictment.

**I.  Statement of Facts.**

In July of 2018, agents from the Pennsylvania Office of the Attorney General (hereafter "POAG") advised agents of the Cleveland, Ohio Drug Enforcement Administration (hereafter "DEA") that they believed the subject of one of their investigations, Sondra McQuillen, was distributing methamphetamine in and around Clearfield County, Pennsylvania. Moreover, POAG believed that McQuillen's source of supply was James D. Thomas, who was located in Akron, Ohio.

On July 26, 2018, McQuillen visited Thomas's home address of 509 Patterson Avenue in Akron, Ohio. At approximately 12:22 PM, McQuillen was traffic stopped and found to be in possession of approximately 6 ounces of methamphetamine, 1/8 ounce of cocaine, and one ounce of marijuana.

On July 26, 2018, Akron Police Department and DEA executed a search warrant at 509 Patterson Avenue.  During the search, law enforcement officers recovered approximately 77.57 grams of a mixture and substances containing methamphetamine, 13.78 grams of a mixture or substance containing cocaine base (crack), approximately 154.31 grams of a mixture or substance containing cocaine, Mannitol cutting agent, and several digital scales.  Law enforcement officers also recovered a Mossberg 12 gauge Shotgun, a loaded Smith & Wesson, .38 special revolver, a Colt Python .357 revolver, a loaded Smith & Wesson, Model 36, .38 caliber revolver, a loaded Ruger, Super Blackhawk, .44 caliber revolver and a variety of ammunition.  Finally, law enforcement officers also discovered large amounts of cash to include $4,200.00 in the dishwasher in the kitchen, $5,300.00 in a cooler in the kitchen, and $37,400.00 in a safe in the basement.  All of the controlled substances and a majority of the firearms were located in the kitchen of the residence

On July 29, 2018, after searching the defendant's residence, Akron Police Department and DEA executed a search warrant at the Top Notch Barbershop – which was operated by the defendant.  During the search, law enforcement officers recovered approximately 718.10 grams of a mixture or substance containing methamphetamine, approximately 25.72 grams of a mixture or substance containing cocaine base (crack), approximately 28.05 grams of a mixture or substance containing cocaine and two digital scales.  Law enforcement also recovered a loaded Hi-Point, .380 caliber handgun.  A majority of the controlled substances and the handgun were located in a barber booth that was used by the defendant.

The Defendant was arrested on July 26, 2018 on state charges, however he was later released.  On August 22, 2018, James D. Thomas was arrested after being indicted in Federal

Court on August 15, 2018.  At the time of his arrest on August 22, 2018, the defendant made a statement wherein he acknowledged possession of the drugs and guns described above.

Through the course of the investigation, several cellular telephones were seized.  The DEA obtained a search warrant for the phones and used software to conduct forensic extractions.  One of the phones that was in the possession of the defendant contained numerous text messages which demonstrated that he had been arranging the sale of controlled substances with the use of his cellular telephone.[1]

**II.    Proposed Stipulations.**

The undersigned has submitted proposed stipulations to Counsel for the defendant.  Counsel for the defendant has indicated that his client is willing to stipulate to the following:

> It is hereby stipulated and agreed by and between the United States of America and defense counsel, with the express consent of the defendant, that James D. Thomas, at the time of the crimes charged in the Superseding Indictment, was previously convicted of a felony, that is a crime punishable by imprisonment for a term exceeding one year.
>
> Further, at the time of the crimes charged in the Superseding Indictment, the defendant, James D. Thomas, knew he had been convicted of a felony punishable by a term of imprisonment exceeding one year.

**III.    Anticipated Legal Issues.**

The United States does not anticipate any complex legal issues in this case.

### A.  Use of Summary Visual Aid with Cell Phone Extraction Report Exhibits.

---

[1] The United States copied the entire cell phone extraction report and provided it to defense counsel as a part of its Discovery disclosure.  It has also provided defense counsel with copies of the specific text messages it intends to use at trial.

While not a complex legal issues, the United States does want to give notice of its intent to present evidence of text message communications recovered from the defendant's cellular phone in the form of an extraction report alongside summary exhibits.

The extraction software used to examine the defendant's phone generated a report displaying all text messages sent and received in reverse-chronological order.  The extraction report does not sort text messages by participant or conversation.  The report is 817 pages long.  As the Court is likely aware, interpreting a text conversation from the extraction report requires reading bottom-to-top, while skipping over intervening text messages from different, unrelated conversations that may have been sent or received around the same time.  Presenting the jury with only the cell phone extraction report would be confusing and inefficient.  To avoid this, the United States intends to offer the extraction report alongside the relevant text messages in a more easily-readable summary exhibit, which includes the verbatim contents of the text conversation along with timestamps and the participants' phone numbers.

Federal courts have approved of the introduction of electronic conversations transferred into other formats, so long as the substance of the conversation is not altered or amended.  *See*, e.g., *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007) (transcripts of instant message conversations "largely cut from [a detective's] electronic communications [with defendant] and then pasted into word processing files" were sufficiently authenticated by detective and informant).

Further, Federal Rule of Evidence 1006 provides that a proponent may use "a summary, chart or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."  The admission of evidence under Rule 1006 is within the discretion of the district court.  *United States v. Williams*, 952 F.2d 1504, 1519 (6th

4

Cir. 1991) ("Defendant has not shown how the charts in question unfairly prejudiced him. The district court thought they were 'classic visual aids' and admitted them to aid the jury in its analysis of the case. That action was well within the district court's discretion.").

In *United States v. Osborne*, 667 Fed. Appx. 648 (11th Cir. 2017), the 11th Circuit upheld the admission of summary exhibits that were substantially similar to the ones the Government intends to offer here. In *Osborne*, the Government introduced summaries of a number of text messages that were sent and received as part of a bank robbery. *Id*. at 651-53. The Government created summary exhibits from approximately 10 pages of underlying Verizon phone records that included the texts themselves, dates, times, and whether the text messages were outgoing or incoming. *Id*. at 651-56. Osborne objected to the summary exhibits on the grounds that "a single incoming text message consisting of 29 words [did] not constitute 'voluminous writings' to warrant its separate admission as [a] summary exhibit." *Id*. at 656. The 11th Circuit rejected Osborne's claim and upheld the trial court's admission of the text summaries. *Id*. First, the 11th Circuit reasoned that the trial court properly instructed the jury on the role of summary exhibits. Id. Second, although the underlying Verizon records consisted of only 10 pages, they were nonetheless "complicated and disorganized" in that a witness could not have conveniently located and read the texts. *Id*. The 11th Circuit noted that the summary exhibits made the Verizon records "much more easily accessible and understandable to the jury." Id. And finally, Osborne had the opportunity to cross-examine the witness who presented the summary exhibits about their accuracy.

Here, as in the cases cited above, presenting the jury with summaries of the extraction report will assist their understanding of the case without causing any unfair prejudice to the Defendant. The extraction report is difficult to read because it displays texts from bottom-to-top

and often requires the reader to skip over extraneous conversations. The summaries simply copy-and-paste all of the relevant information into a mock smartphone display that jurors are likely to recognize. And the Defendant—who has been provided with copies of the summaries and the corresponding pages from the extraction reports—will be free to cross-examine the witness who presents these summaries as to their accuracy. In short, the text message summaries will make for a more efficient trial and an easier to understand case.

**IV.     Anticipated Length of Trial.**

The United States anticipates that the trial will conclude in three days.

**V.     Proposed Voir Dire Questions.**

The United States submitted its proposed Voir Dire questions to defense counsel for his consideration and has filed its proposed Voir Dire questions contemporaneously with this Trial Brief.

**VI.     Proposed Jury Instructions.**

The United States submitted its proposed Jury Instructions questions to defense counsel for his consideration and has filed its proposed Jury Instructions questions contemporaneously with this Trial Brief.

**VII.     Statement of the Case.**

The United States alleges that the defendant, James D. Thomas, possessed and intended to distribute the following controlled substances: methamphetamine; cocaine; and cocaine base.

The United States further alleges that the defendant, James D. Thomas, possessed multiple firearms, in spite of being prohibited from possessing the same.

Finally, the United States alleges that the defendant, James D. Thomas possessed firearms in in order to further the crime of distributing controlled substances.

The defendant denies all the charges lodged against him.

                                             Respectfully submitted,

                                             JUSTIN E. HERDMAN
                                             United States Attorney

                                     /s/  Christopher J. Joyce
                                             Christopher J. Joyce  (OH: 0086576)
                                             Assistant United States Attorney
                                             208 Seiberling Federal Courthouse
                                             Two South Main Street
                                             Akron, OH 44308
                                             (330) 761-0521
                                             (330) 375-5492
                                             Christopher.Joyce@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of November 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                             /s/ Christopher J. Joyce
                                             Christopher J. Joyce
                                             Assistant U.S. Attorney