IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. 5:18 CR 00461 |
| Plaintiff | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| JAMES D. THOMAS | ) | SENTENCING MEMORANDUM |
| | ) | |
| Defendant | ) | |

Now comes the Defendant, JAMES D. THOMAS, by and through his attorney, and moves this Honorable Court, pursuant to *Koon v. United States*, 518 U.S. 81 (1996) and *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 73 (2005) to impose a reasonable sentence of one hundred twenty months and the mandatory term of supervised release. In support thereof, counsel submits the following information for consideration at sentencing set for March 12, 2020, at 10 a.m.

BACKGROUND

Defendant herein was charged in a superseding indictment with nine criminal counts and pled guilty to the indictment regarding six counts of possessing methamphetamine, cocaine, and cocaine base in violation of 21 U.S.C. §841 (a) and

(b) and three counts involving firearm possession in violation of 18 U.S.C. §922 and §924.  On November 20, 2019, the accused entered his guilty plea and has cooperated fully with the probation department in their preparation of a pre-sentence report.

He is currently before this Honorable Court for sentencing.

LAW AND ARGUMENT

Factors set forth in 18 U.S.C. §3555 include (1) the nature and circumstances of the offense and the history and characteristics of the defendant;  (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;  (B) to afford adequate deterrence to criminal conduct;  (C) to protect the public from further crimes of the defendant;  and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;  (3) the kinds of sentences available;  (4) the advisory guideline range;  (5) any pertinent policy statements issued by the Sentencing Commission;  (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense. *U.S. v. Booker,*125 S.Ct 738 at 790 (2005).

In addressing the nature and circumstances of the offense, counsel suggests that

the criminal conduct involving this defendant was limited to distribution of narcotics to Sondra McQuillen of Pennsylvania.  This case did not involve violence or physical harm, nor was the defendant active in the recruitment, solicitation, harming, or scamming of anyone.  Therefore, the offense is less serious.  As an otherwise law abiding person, JAMES D. THOMAS has a criminal history of minor infractions.  He has never had any exposure to ANY federal justice system and his prosecution for this conduct has been an onerous ordeal.  He also is facing pending charges in Clearfield County, Pennsylvania.

Mr. Thomas has had acid reflux for approximately twenty years.

The need for the sentence imposed has a multitude of issues impacting on the sentence.  First, the Court is required to impose a sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.  A minimum term of one hundred twenty months imprisonment would still reflect the seriousness of the offense and provide just punishment.

Any sentence imposed by this Court will be an adequate deterrent to criminal conduct by this defendant as he has learned a life altering lesson from this criminal conduct.  Sending JAMES D. THOMAS to the federal prison for imprisonment ten

years will result in the same objective:  to protect the public from further crimes.  His recent prosecution has taught him the price for violating the law.  The lengthy prison time has Mr Thomas extremely concerned about his future conduct.

This defendant has cooperated with counsel and accepted responsibility.  He has been very cooperative with counsel.  It is counsel's opinion that Mr. Thomas's desire to engage in any other criminal conduct has been virtually eliminated, thereby creating both deterrence and protection for the public.

U.S.S.G. Section 5H recommends consideration of a defendant's lack of guidance as a youth under 5H1.12.  An important factor impacting on JAMES D. THOMAS's history and character was and is his natural father's absence from James's life from birth on.  His father was NEVER a part of his life.  It is a proven sociological fact that a young person's path in life is guided by his or her father or other male role model and in James's case, that guidance was non-existent save for a step father who eventually came into the picture.

The kind of sentence available includes a minimal term of imprisonment of one hundred twenty months.  The advisory guideline range for a total offense level of twenty-eight and a Criminal History Category of IV is correctly noted as 110 to 137

months.  The probation officer calculates the statutorily authorized minimum sentence at 120 to 137 months.  Counts 8 and 9 mandate 60 month sentences per count, each to be served consecutive to all other counts.  Counsel appeals to the Court for a favorable sentence consistent with the purposes of sentencing.  This Court has ample justification to confine Mr. Thomas for a minimum term of imprisonment of one hundred twenty months.

CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Honorable Court consider a sentence consistent with the sentencing factors, mitigating circumstances of this defendant and the relevant case law, with a recommendation for a minimum term of imprisonment of one hundred twenty months and placement as near as practical to his Akron home.

Respectfully submitted,

/s/ James A. Jenkins
JAMES A. JENKINS (0005819)
55 Public Square, Suite 2100
Cleveland, Ohio 44113
216/363-6003

<u>S E R V I C E</u>

A copy of the foregoing Sentencing Memorandum was filed electronically this 14th day of January, 2020.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ **James A. Jenkins**
JAMES A. JENKINS
Attorney for Defendant