**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES D. THOMAS, | ) | CASE NO. 5:18 CR 00461 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | MEMORANDUM OPINION |
| Respondent. | ) | |

This matter comes before the Court upon James Thomas's (hereinafter Mr. Thomas) Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (ECF #112). In Mr. Thomas's motion, he raises six grounds for relief: (1) the District Court erred by not dismissing Counts 8 and 9 at the time of sentencing because there was not a factual basis to convict for violation of 18 U.S.C. §924(c)(1); (2) violation of *Brady v. Maryland* by the prosecution; (3) ineffective assistance of trial counsel for failure to raise issues in a brief for a Franks Hearing; (4) ineffective assistance of trial counsel for failure to request and obtain investigation reports; (5) ineffective assistance of appellate counsel for failing to raise issues on appeal; and (6) ineffective assistance of counsel for failing to advise on the procedures of a Franks Hearing. (ECF #112).

**Background**

On August 15, 2018, Mr. Thomas was charged in a five-count indictment. On October 8, 2019, the government filed a nine-count superseding indictment, charging Mr. Thomas with: (1) possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); (2) possession with the intent to distribute crack cocaine, in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(C); (3) possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (4) possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); (5) possession with the intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (6) possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (7) being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (8) two counts of possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). (ECF #57).

On November 20, 2019, Mr. Thomas pled guilty to all nine counts and reserved in writing his right to appeal the district court's denial of his suppression motions. On March 12, 2020, the Court sentenced Mr. Thomas to 120 months as to Counts 1-7, to be served concurrently, 60 months as to Count 8 to be served consecutively to Counts 1-7, and 60 months as to Count 9 to be served consecutively to Counts 1-7 and Count 8. (ECF #117). Count 9 was later dismissed and Mr. Thomas's total term of incarceration was reduced to 180 months. The United States Court of Appeals for the Sixth Circuit affirmed the trial court's judgment on appeal. (ECF #117). Subsequently, Mr. Thomas filed this instant motion on November 3, 2021. Now, Mr. Thomas seeks to vacate his sentence pursuant to 28 U.S.C. § 2255 on the basis that the district court erred in not dismissing Counts 8 and 9 at the time of sentencing, the prosecution was in violation of the Brady Rule, and his right to effective assistance of counsel was violated.

**Legal Standard**

A petitioner that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or

laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Once a defendant has waived or exhausted his right to appeal, "we are entitled to presume he stands fairly and finally convicted." *Id.* at 164. Thus, to prevail on a § 2255 motion, Mr. Thomas must prove by a preponderance of the evidence that his constitutional rights were denied or infringed. *United States v. Wright*, 624 F.2d 557, 558 (5th Cir. 1980).

## Analysis

### A. The District Court and Counts 8 and 9

Mr. Thomas alleges that the District Court erred by not dismissing Counts 8 and 9 at the time of sentencing. Mr. Thomas argues that in order to trigger a § 924(c)(1)(A) charge, a firearm must be actively employed by the defendant. (ECF #112). In 1998, § 924(c)(1) was amended to criminalize the conduct of any person who possesses a firearm in furtherance of a drug

trafficking crime. In his Plea Colloquy, Mr. Thomas agreed that on or about July 26, knowing he had been convicted of crimes punishable by imprisonment for a term exceeding on year, he knowingly possessed a number of firearms and ammunition. (ECF #75). Mr. Thomas asserts in his Reply to the Government's Response that he was not made aware of the 1998 amendment by his trial counsel and that had he been aware he might not have turned down a plea deal. However, Mr. Thomas did not raise an ineffective assistance of counsel claim on these grounds in his § 2255 motion and has not moved to amend his motion. Given the sufficiency of the factual basis supporting Thomas's convictions under § 924(c)(1)(A) and his own admissions, the District Court did not err by failing to dismiss Counts 8 and 9 at the time of sentencing.

### B. Violation of *Brady v. Maryland*

Mr. Thomas also claims that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), because it suppressed the investigative reports from the Pennsylvania Office of Attorney General. (ECF #112). The Supreme Court in *Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or to punishment." *Id.* at 87. For evidence to be considered material there must be "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). To prevail on a *Brady* claim, Mr. Thomas must also establish that the evidence at issue is favorable to him, that it was suppressed, and that prejudice resulted. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

Mr. Thomas claims the reports are material and favorable because they would have shown that Detective Fields made false statements in the affidavit for the search warrants. Mr. Thomas cannot establish that such evidence is material or favorable. The charges in this case resulted

from the discovery of drugs and firearms in Mr. Thomas's residence and barbershop. Fields's credibility would not have a bearing on Mr. Thomas's guilt or punishment. As a result, these reports are neither material nor favorable as they relate to uncharged conduct that occurred outside of Ohio. Mr. Thomas has also failed to show that these reports were suppressed. His initial trial counsel had requested these reports and they were turned over to him by the prosecution. The reports were also available for Mr. Thomas's subsequent counsel to inspect. Mr. Thomas himself describes the reports as "readily available discovery." (ECF #112). As discussed above, Mr. Thomas cannot establish prejudice because access to the reports would not have led to a different result.

Even if Mr. Thomas could meet the requirements for a *Brady* claim, he is procedurally barred from raising this claim because he failed to raise it on direct appeal. A "failure to raise an argument at trial or on direct appeal is waived on collateral review under § 2255, absent a showing of both cause and actual prejudice." *Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000) (citing *United States v. Frady*, 456 U.S. 152, 164-65, 167). A petitioner shows cause by establishing that he was prevented from raising a claim by an external impediment. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Mr. Thomas states that he did not raise this claim on direct appeal because he did not believe that his counsel knew the reports were available and he did not discover this until after the appeal was already in progress. This is insufficient to show cause because Mr. Thomas's counsel was aware of the prosecution's possession of these reports and was in contact with the prosecution. Mr. Thomas also cannot show he suffered actual prejudice because he was charged based on search warrants that were executed in Ohio, not the Pennsylvania investigation reports. As a result, Mr. Thomas is barred from raising this claim.

C. Ineffective Assistance of Counsel

Mr. Thomas raised a claim of ineffective assistance of counsel on four grounds: (1) counsel's failure to raise issues in a brief for a Franks hearing; (2) counsel's failure to advise Mr. Thomas on the procedural requirements of a Franks hearing; (3) counsel's failure to request and obtain investigation reports; and (4) counsel's failure to raise certain issues on appeal. (ECF #112).

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 686-88 (1984). A petitioner must also establish prejudice. To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Judicial scrutiny of counsel's performance must be "highly deferential," and counsel's conduct should be evaluated from "counsel's perspective at the time." *Id.* at 689. "[A] defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound legal strategy." *Id.* The question is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690).

Mr. Thomas's first allegation is that his counsel failed to raise meritorious issues that Mr. Thomas specifically requested be addressed in his brief for the Franks hearing. According to Mr. Thomas, his counsel admitted to only including the issue raised by Mr. Thomas's previous counsel because of time constraints and the belief that he could effectively raise any other meritorious issues during the hearing. Mr. Thomas alleges that his counsel was blocked from

raising these issues at the hearing. However, at the hearing, the lack of incriminating conversations involving Mr. Thomas, the falsities relating to Mr. Thomas's criminal history in the search warrant affidavits, and the sufficiency of the evidence recovered during a trash pull were discussed. As an experienced defense attorney, counsel exercised his judgment and raised those issues he thought would be the most successful. Mr. Thomas fails to overcome the presumption that this was a sound legal strategy and that his counsel's conduct did not comply with the prevailing professional norms.

Mr. Thomas's second allegation is that his counsel failed to advise him of the procedural requirements of a Franks hearing. A defendant's challenge of the veracity of an affidavit "must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Mr. Thomas argues that his counsel's failure to advise him of this deprived him of a right to a full and fair Franks hearing; however, Mr. Thomas does not offer any evidence as to how he was prejudiced by this failure. He does not state that he could have offered the requisite proof and fails to prove that his challenge of the affidavit was more than "conclusory" and a "mere desire to cross-examine." *Id.*

Mr. Thomas's third allegation is that his counsel failed to obtain investigation reports Detective Fields used in his search warrant affidavit. Mr. Thomas's counsel had access to all the discovery materials from the Ohio investigation and all the communications intercepted during the Pennsylvania investigation that related to Mr. Thomas. His counsel was also in communication with the prosecutor from the Pennsylvania Office of Attorney General responsible for the investigation in Pennsylvania. Mr. Thomas's counsel exercised his

professional judgment in not reviewing the Pennsylvania investigative reports. In addition, Mr. Thomas cannot show that he was prejudiced. He asserts that the reports would show inconsistencies between the reports and the affidavits and diminish probable cause to search his house and barbershop; however, this unfounded suspicion does not amount to actual prejudice.

Mr. Thomas's final allegation is that his counsel failed to raise the issue that the § 924(c)(1)(A) charge was unconstitutional on appeal. As discussed above, § 924(c)(1)(A) criminalizes mere possession and raising this issue on appeal would have been meritless, which Mr. Thomas admits in his Reply to the Government's Response. (ECF #120). Mr. Thomas's counsel was not required to raise on appeal "meritless arguments to avoid a charge of ineffective assistance of counsel." *Ryal v. Lafler*, 508 Fed. App'x 516, 520 (6th Cir. 2012) (quoting *Ludwig v. United States*, 162 F.3d 456, 469 (6th Cir. 1998)). This Court concludes that Mr. Hagar has failed to show that his counsel was ineffective under *Strickland*. 466 U.S. 668 (1984).

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. For the reasons stated above, the Court concludes that Mr. Thomas has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF #112) is DENIED. Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

Donald C. Nugent
United States District Judge

DATED: March 29, 2022