UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES, | CASE NO. 5:18 CR 461 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| JAMES D. THOMAS, | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

This matter comes before the Court upon Defendant, James Thomas' *Motion to Set Aside Order and Final Judgment.* (ECF #139). Following the denial of his Motion to Suppress and Supplemental Motion to Suppress (ECF #71, 72, 73), Mr. Thomas entered a conditional guilty plea to two counts of Possession with Intent to Distribute Methamphetamine (Counts 1 and 4); two counts of Possession with Intent to Distribute Cocaine (Counts 3 and 6); two counts of Possession with Intent to Distribute Cocaine Base (Counts 2 and 5); one count of being a Felon in Possession of Firearms and Ammunition (Count 7); and, two counts of Possession of a Firearm in Furtherance of a Drug Trafficking Offense (Counts 8 and 9). The plea was conditioned on his retention of the right to appeal the denial of his Motion to Suppress. He was sentenced to 240 months.

The Government subsequently moved to dismiss Count Nine. The Court granted the dismissal and re-sentenced Mr. Thomas to a total of 180 months, with a five year term of

supervised release. Mr. Thomas appealed the decision denying his Motion to Suppress. The Court of Appeals affirmed the denial finding that although there was mistake in the reporting of his criminal history, there was probable cause for the police to search the Thomas home. The Court of Appeals also found that the search of the Top Notch Barber Shop was executed in good faith reliance on a warrant, despite acknowledging that some of the information supporting the search warrant of the Thomas home was not included in the warrant supporting the search of the Top Notch Barber Shop. Further, the Appeals Court found that there was no false information included in the supporting affidavits, and though sparse, the affidavit was not so lacking in factual allegations that it could be considered "bare bones." (ECF #110, 111).

Mr. Thomas later filed a §2255 Motion alleging ineffective assistance of counsel, a Brady violation, and trial court error with regard to Counts 8 and 9. (ECF #112). The Court denied his motion, and certified that no appeal could be taken in good faith. (ECF #121). Mr. Thomas sought an appeal from the Sixth Circuit, and was denied. (ECF #125, 127, 128, 131).

Mr. Thomas now claims that he attempted to file a Motion for Relief under Fed. R. Crim P. 60 (b)(1). He produces some evidence that he mailed the Motion to the Court, but no such motion was received and docketed by the Court. He later filed an Amendment to the missing motion, seeking to add a claim under 60(b)(3). The rule Mr. Thomas is citing is a Rule of Civil Procedure, not a rule of Criminal Procedure. Thus, it could apply to the denial of his motion under §2255, which is brought under the civil law, but it is not a proper way to challenge the decisions made in his criminal case. Mr. Thomas is not challenging the decision denying his §2255 motion, which did not address the denial of his Motion to Suppress. Rather he is challenging his criminal judgment, and his argument is based entirely on the argument that his

2

Motion to Suppress should have been granted. The Federal Rule of Civil Procedure cannot be used to challenge a criminal proceeding. United States v. Moon, 527 Fed. App'x 473 (6th Cir. 2013)

Even if a Rule 60(b) motion were a proper way to address his concerns, Mr. Thomas' motion would fail as untimely and on the merits. Rule 60(b)(1) and (3) motions must be made within a reasonable time and no more than one year after the entry of the judgment or order sought to be changed. Fed.R.Civ.Pro. 60(c)(1). Even if the Court accepts Mr. Thomas' claim that his original motion was dated July 17, 2023, he filed his motion for relief more than one year after the judgment or order sought to be changes. The Court's decision denying his motion to suppress was issued more than three years prior to the date of his motion. The judgment he seeks to overturn was also issued well over a year before, as was the decision denying § 2255 relief. Although the Petitioner argues that the Court should exercise its discretion to allow the late filing, the Sixth Circuit has held that a "district court does not have the discretion to extend the period of limitations set forth in Rule 60(b)." *Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1332 (6th Cir. 1985). The motion is, therefore, time barred.

Finally, the motion would also be denied on the merits. The information presented by the Petitioner does not provide any evidence of fraud or other wrongdoing or misrepresentations by the government. Nor does it bring to light any errors or any information that was not raised and considered by the Court in the prior proceedings. Petitioner has had multiple opportunities to present his legal and factual arguments to this Court, and to the Court of Appeals. Those arguments were not convincing. Nothing in his most recent motion changes the reasoning that supported these prior decisions. All of the facts and legal principles underlying his claims have

3

been considered and addressed. Mr. Thomas' most recent reiteration of his dissatisfaction with the result offers no relevant information that would alter that outcome. Petitioner's motions (ECF #139) is DENIED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: October 17, 2024